JONATHAN ALLAN KLEIN (SBN 162071)
MICHAEL D. EARLY (SBN 111459)
WILLIAM L. MARCHANT (SBN 154445)
KELLY, HOCKEL & KLEIN P.C.
44 Montgomery St., Ste. 1500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808

Attorneys for Defendant
RITE AID CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER STEPHAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>RITE AID CORPORATION,<br><br>Defendant. | Case No.: 5:15-CV-00841-ODW (SPx)<br><br>**ORDER ON PARTIES' STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION** |

Upon consideration of the stipulation of plaintiff Roger Stephan ("Plaintiff") and defendant Rite Aid Corporation ("Rite Aid"), by and through their respective counsel of record (collectively, "the parties"), for the entry of a protective order, the Court hereby orders the following:

1. The procedures for protecting information set forth in this Order shall govern all information produced by any party that is designated as "Protected

Information" or "Confidential" in the manner set forth below, including without limitation: (i) answers to written discovery; (ii) documents produced in response to requests for production; (iii) documents and information produced voluntarily in response to informal requests; (iv) interrogatory responses; and (v) deposition testimony.

2. This Order is intended to protect the confidentiality of all documents and information that is not in the public domain and which either party has a good faith belief that disclosure would violate a personal, financial, or other interest protected by law, and that such disclosure threatens to cause serious harm that outweighs the public interest in disclosure of such information.

3. The Court, the parties, corporate counsel, counsel of record, any court reporters and mediators employed in this case, and their respective officers, employees, clerks, associates, of counsel attorneys, and staffs, serving in this action (collectively the "Authorized Persons") and any witnesses to be called by the parties in this action shall be the only persons afforded access to information protected by this Order and marked as "CONFIDENTIAL" (hereinafter the "Protected Information"). Experts and consultants employed by counsel or the parties in connection with this case, and the staffs of such experts or consultants, potential witnesses, the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, and professional vendors such as third-party document preparation or photocopy agencies for whom disclosure is reasonably necessary, and any third-party neutral mutually engaged by the Parties in this action, also shall be considered "Authorized Persons," provided that they have executed an acknowledgment in the form attached as Exhibit A to this Stipulation and Order. Additionally, any party wishing to have an additional person other than those described above in this paragraph listed as an Authorized Person within the meaning of this Order may request in writing that the other party stipulate that such

person be added to the list of Authorized Persons; if no written objection is received within ten days, such person shall become an Authorized Person upon execution of the acknowledgment attached to this Stipulation and Order as Exhibit A. No Authorized Person shall: (i) use the Protected Information for any purpose other than the prosecution or defense of this litigation; or (ii) provide, copy or otherwise disclose any item of Protected Information to any person other than the aforementioned Authorized Persons.

4. Any party who believes in good faith that a particular document or item of information is properly protected under this Order shall designate it as such by one or more of the following methods:

(i) provide written notice to all parties describing the information with particularity;

(ii) with respect to documents, mark each page of each such document with the phrase "CONFIDENTIAL;"

(iii) with respect to written discovery responses, mark each response with the phrase "CONFIDENTIAL;" and

(iv) with respect to deposition transcripts, mark each page of each such transcript with the phrase "CONFIDENTIAL."

Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving Party or becomes part of the public domain after its

disclosure to a receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating Party.

    5.    Any party who believes in good faith that a particular document or item of information is properly protected under this Order shall implement the procedures set forth in paragraph 4 as set forth below:

        (i)    in the case of a party transmitting the information to other parties or to the Court, before the information is actually transmitted; and

        (ii)    in the case of a party receiving information, not more than five business days following the receipt thereof, or, in the case of documents produced prior to the entry of this Order, within five business days of its entry by the Court. Notwithstanding the foregoing, any party who fails to comply with this paragraph shall nevertheless be entitled to provide notice designating such document or information as Protected Information: (a) by stipulation of all parties, which stipulation shall not be unreasonably withheld; or (b) upon motion to the Court based upon good cause.

    6.    Each party shall be responsible for clearly marking all Protected Information in its possession, custody and control and for taking all other steps reasonably necessary to ensure that persons other than Authorized Persons do not, directly or indirectly, gain access to Protected Information.

    7.    No document shall be filed under seal unless counsel secures a Court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel.  These provisions are to be read consistent with applicable rule,

including L.R. 79-5.1.

8.  If a party in possession of information or documents designated as "CONFIDENTIAL" receives a subpoena from a non-party to this case which seeks production or other disclosure of such documents or information, the party shall, as soon as possible and not later than within five business days, give written notice to counsel for the party who designated the documents or information as "CONFIDENTIAL" stating the Confidential Materials sought and enclosing a copy of the subpoena.  Parties shall use their best efforts to give at least 10 days' notice before production or other disclosure pursuant to subpoena should be given.  In no event shall production or disclosure be made before notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the Party to whom such notice has been given at least three business days to take appropriate action, including seeking judicial relief.

9.  Any party who believes that a particular item of Protected Information previously designated pursuant to paragraph 4 above is not properly protectable within the meaning of this Order shall be free to object at any time.  The parties shall attempt to resolve informally any objections to the designation of Protected Information.  If any Party challenges the designation of any Confidential Materials as "CONFIDENTIAL," that Party shall state the objection in writing to counsel for the Party making the designation.  If the Parties are unable to resolve their differences on the designation, after such impass, the challenging party shall then have 15 days in which to file a Motion with the Court to determine whether the designation of "CONFIDENTIAL" is proper.  The parties may agree in writing to extend this 15-day deadline.  Until the Court rules on the challenging party's motion, the documents or information at issue shall continue to be treated and designated as "CONFIDENTIAL."  Once the Court rules, the confidential nature of the documents or information shall be determined in accordance with the Court's ruling.

10. Nothing in this Order shall be deemed a waiver of any party's right to seek from the Court reduced, different or additional protection with respect to any document or information previously designated as Protected Information under this Order, to challenge a party's use or possession of any such document or information, or to seek modification of this Order.

11. No party shall be required to object to the designation of any particular document or item of information as Protected Information, and failure to make objections at any particular time shall not constitute a waiver or otherwise bar a party from objecting at a later date.

12. This Order shall not abrogate or diminish any party's contractual, statutory or other right or obligation to maintain any information in confidence.

13. The fact that a given item of information is or is not Protected Information within the meaning of this Order shall not be admissible in evidence or otherwise considered by the trier of fact in determining the merits of this case.

14. Within sixty days of final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, the possessor shall destroy or return all documents or information designated as Protected Information, including all copies thereof. Written confirmation of compliance with this requirement shall be provided upon request. This provision shall not bar Rite Aid from retaining any Protected Information which constitutes records that it is required as a corporation to retain under state or federal law.

15. This Protective Order shall not prevent any Party from applying to the Court for relief therefrom.

16. This Protective Order shall not control the use of any evidence during the trial of this Action. However, nothing herein shall preclude any Party from seeking the assistance of the Court in maintaining the confidential nature of any evidence which is presented at trial.

17. The Court may modify the terms and conditions of the Order

for good cause, or in the interest of justice, or on its own order at any time in these proceedings. This Order may also be modified or terminated upon written stipulation of the parties. This Order shall survive and remain operative following the termination of this action.

18. The parties submit this document for the Court's consideration and approval as an Order. It shall not be construed to create a contract between the parties and/or their respective counsel. In the event of a dispute regarding the terms of this Order, the parties stipulate and agree that no part of this Order shall be construed against either party on the basis of authorship.

19. By entering into this Confidentiality Stipulation and Protective Order, neither party waives any right to withhold from discovery any information on the grounds that the information is protectable by or barred from disclosure by privilege, immunity or other recognized legal exception to disclosure.

20. Without separate court order, the Protective Order and the parties' stipulation does not change, amend, or circumvent any court rule or local rule.

IT IS SO ORDERED.

Dated: October 1, 2015

THE HONORABLE SHERI PYM
UNITED STATES MAGISTRATE JUDGE

EXHIBIT 'A'

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

1. I, _____, have read the foregoing Stipulated Protective Order entered by the Court in the action entitled *Roger Stephan v. Rite Ad Corporation*, USDC Central District Court Case No. 5:15-CV-00841-ODW (SPx). I/my firm have been retained by _____ (name of party) in the following capacity in this litigation: _____.

2. I hereby agree, on behalf of myself, and if applicable, those in my firm, that if any Confidential Material as described in the Stipulated Protective Order is provided to me/my firm in this litigation, or if I have earlier been provided with such material, I and those in my firm will maintain that information as confidential, will not disclose it to any other individuals or entities, and will otherwise comply with all provisions of the within Stipulated Protective Order which apply to those who receive the "Confidential Material."

3. Within thirty (30) days of receipt by me/my firm of notice of the final conclusion/determination of these proceedings, I/my firm will return all Confidential Material to counsel for Plaintiff or Defendant, with the understanding that Plaintiff's or Defendant's counsel will thereafter return the material to Rite Aid's counsel or destroy the material, as provided by the terms of the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 20\_\_.

By: _____

On behalf of _____