# CONFIDENTIAL AGREEMENT AND
# GENERAL RELEASE OF ALL CLAIMS

This Confidential Agreement and General Release of All Claims ("Agreement") is made and entered into between plaintiff Roger Stephan ("Stephan") and defendant Rite Aid Corporation ("Rite Aid" or "Defendant") – collectively, "the Parties."

Stephan filed a civil lawsuit against Defendant captioned *Roger Stephan, Individually and on Behalf of All Others Similarly Situated v. Rite Aid Corporation* (case no. 5:15-CV-00841-ODW [SPx]) (C.D. Cal.) ("the Action"). The Action concerns Stephan's claims under various causes of action that, *inter alia*, he was not reimbursed for cell phone expenses, was not paid wages for commute and travel time, and was not paid overtime. The Action was styled as a case brought individually and as a class action purporting to assert claims on behalf of others similarly situated. However, the Parties have agreed to settle the Action before the creation of a class and before the filing of any motion for class certification. The purpose of this Agreement is to amicably and finally resolve all issues and claims in connection with the Action and Stephan's employment, including, but not limited to, any and all issues and claims that are in any way related to the subject matter of The Action.

It is therefore agreed as follows:

1. **Definition of Parties**: References in this Agreement to Rite Aid shall include any and all parent, subsidiary, and affiliated corporations and business entities of Rite Aid Corporation, and all shareholders, officers, directors, agents, managers, employees, representatives, attorneys, and successors and assigns of those corporations and entities. References to Stephan in this Agreement shall include all of his representatives, attorneys, heirs, and successors and assigns.

2. **Settlement Payment**. As consideration for Stephan's claims, promises and undertakings as described herein, Rite Aid agrees to provide a settlement payment totaling the sum of ███████████████████████ ("Settlement Payment"), which shall be made in three checks, as follows:  ███████████. Rite Aid shall issue a W-2 to Stephan in conjunction with the first check, and shall issue 1099s to Stephan and

Progressive Law Group, LLC in regards to the second and third checks respectively according to IRS regulations.

The Settlement Payment shall be delivered to Stephan's counsel, Mark Bulgarelli, Esq., Progressive Law Group, LLC, 140 S. Dearborn, Suite 315, Chicago, Illinois 60603, within ten (10) business days of Rite Aid's receipt of a fully-executed copy of this Agreement and accurate and complete W-9 forms from Stephan and his attorneys, Progressive Law Group, LLC.

3. **Dismissal of The Action:** Within five (5) business days of the later of (a) receipt of the Settlement Payment referenced above, or (b) the Effective Date defined below, the Parties agree to execute a Joint Motion or Stipulation for Dismissal of the Action in its entirety, as to all claims and causes of action, with prejudice, each party to pay its own attorneys' fees and costs except as provided herein. The Parties understand and agree that the Court shall retain jurisdiction to enforce the terms of this Agreement.

4. **Resignation of Employment and Waiver of Future Employment.** Stephan agrees to resign his employment with Rite Aid, and by operation of this Agreement hereby does resign his employment with Rite Aid, immediately upon his execution of this Agreement. Upon receipt of the Agreement signed by Stephan, Rite Aid will be deemed to have resigned his employment and shall designate him as "resigned for personal reasons" in its system utilized for tracking the employment status of its employees. Upon execution of this Agreement, Stephan shall have waived any present or future claim to employment (including but not limited to subcontract assignment or work as an independent contractor) with Rite Aid or any of its related entities, including any related parent company or any subsidiary, at any time, now or in the future. Stephan agrees that he will not apply for, nor shall he accept if offered, any employment with Rite Aid or any of its related entities, including any parent company or any subsidiary, at any time in the future. For purposes of reporting Stephan's work history for review by prospective employers, Rite Aid will designate Stephan as "re-hirable"; however, Stephan understands and agrees that any such designation does not in fact mean he is re-hirable, and he hereby acknowledges and agrees that he is not, in fact, re-hirable despite that designation. Stephan shall direct prospective employers to visit The Work Number's website at www.theworknumber.com or call 1-800-367-5690 to verify his employment with Rite Aid. The Rite Aid employer code is 70131.

5. **Release.** Stephan hereby agrees to completely release and forever discharge Rite Aid from all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, fixed or contingent, known or unknown, suspected or unsuspected, including, without limitation, those related to

unknown and unsuspected injuries as well as unknown and unsuspected consequences of known or suspected injuries, arising out of, or in connection with Stephan's employment.

This release covers all statutory, common law, constitutional and other claims, including but not limited to any and all:

 i. claims of discrimination, retaliation, or harassment arising under any federal, state, or local statute or ordinance, including but not limited to any claims for demotion, failure to promote, harassment, retaliation, discrimination, failure to prevent discrimination, disparate impact claims, claims arising under any state or federal statute or local (including but not limited to: the California Fair Employment and Housing Act, the Family Medical Leave Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans With Disabilities Act, the Employee Retirement Income Security Act and any other laws or regulations relating to employment or employment discrimination or attorneys' fees, expenses or costs with respect to any of the above), failure to accommodate and/or failure to engage in the interactive process;

 ii. claims arising under any federal, state or local law regarding employee benefits, wage payment or penalty, labor relations, equal employment, civil, human or employee rights, whistleblower or fair employment practices law, statute or regulation and/or discrimination on the basis of engaging in protected activity, gender, disability, perceived disability, history of disability, race, marital status, sex, color, religion, national origin, ancestry, age (INCLUDING THE FEDERAL AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. section 621 et seq. as amended), creed, handicap, citizenship, ethnic characteristics, sexual orientation or affectional preference, genetic predisposition or carrier status, gender or marital status, veteran status, the Sarbanes-Oxley Act, or the Employee Retirement Income Security Act;

 iii. claims relating to any contract of employment, express or implied, including breach of the covenant of good faith and fair dealing;

 iv. claims for attorney's fees, costs or expenses or interest on any sums allegedly due;

 v. tort claims of any nature, including, but not limited to, any torts related to assault, battery, defamation, false imprisonment, invasion

of privacy, intentional infliction of emotional distress, negligent and intentional interference with contract and/or prospective economic advantage or opportunity, misrepresentation, negligence, bad faith, and intentional and negligent infliction of emotional distress, negligent hiring or supervision, conversion, breach of promise, conspiracy, fiduciary breach, declaratory relief, prohibited transactions, fraud, retaliation;

vi. claims relating to violations of any California Labor Code sections or any sections of the California Civil Code, including but not limited to California Civil Code sections 51.7 and 52.1,

vii. claims or causes of action arising out of, or in connection with or relating to The Action, as well as any claims alleged or referred to, directly or indirectly, or in any way connected with, or arising out of, or which may hereafter be claimed to arise out of, the matters, facts, events or occurrences alleged or referred to in any of the pleadings on file in The Action; and

viii. wage and hour claims of any nature.

Notwithstanding any of the above, Stephan does not waive his rights or claims under the federal Age Discrimination in Employment Act or any other right that may arise after the date that this waiver is executed. Stephan agrees that he will not file any claim or charge against Rite Aid and will withdraw any such action, claim or charge previously filed arising from or in any way connected to any act or omission through the execution date of this Agreement, except that nothing in this Agreement shall prohibit Stephan from filing a charge with the Equal Employment Opportunity Commission or California Department of Fair Employment and Housing (although any claim for damages based on any such charge and any civil action related to any such charge is waived).

6. **Waiver of Unknown Future Claims**: It is understood and agreed that this is a full and final release covering all unknown, undisclosed, and unanticipated losses, wrongs, injuries, debts, claims, or damages to Stephan which may have arisen, or may arise, from any act or omission prior to the date of execution of this Agreement, arising out of or related, directly or indirectly, to Stephan's employment with Rite Aid, as well as those alleged losses, wrongs, injuries, debts, claims or damages now known or disclosed which have arisen, or may arise, as a result of any act or omission as described above. Therefore, Stephan waives any and all rights or benefits which he may now have, or in the future may have, including claims which are unknown or suspected to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement.

STEPHAN EXPRESSLY WAIVES THE PROVISIONS AND BENEFITS OF SECTION 1542 OF THE CALIFORNIA CIVIL CODE, WHICH PROVIDES:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

It is the intention of the Parties in executing this Agreement and Release that it shall be a general release in all respects and shall be effective as a complete bar and defense to each and every matter released herein and that, should any proceeding be instituted with respect to matters released herein, this Agreement and Release shall be deemed in full and complete accord, satisfaction and settlement of any such released matter and sufficient basis for its dismissal.

7. **Release and Waiver – Rite Aid.** Likewise, Rite Aid hereby agrees to voluntarily waive, completely release and forever discharge Stephan, and his heirs, assigns, agents and attorneys, from all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, fixed or contingent, known or unknown, suspected or unsuspected, including, without limitation, those related to unknown and unsuspected injuries as well as unknown and unsuspected consequences of known or suspected injuries, arising out of, or in connection with Stephan's employment or the Action.

8. **Confidentiality of Settlement.** STEPHAN AND EACH OF HIS AGENTS OR PERSONS ACTING FOR HIM ARE PROHIBITED FROM DISCLOSING (EITHER ORALLY OR THROUGH A WRITING, INCLUDING THE TRANSFER OF DOCUMENTS) THE DETAILS, TERMS, OR AMOUNT OF SETTLEMENT REACHED OR ITS MEANING, IMPORTANCE, VALUE OR COMPARATIVE VALUE TO OTHER SETTLEMENTS EXCEPT IN THE FOLLOWING SITUATIONS: (1) WHEN STEPHAN IS SPEAKING TO HIS TAX OR FINANCIAL ADVISORS, OR ATTORNEYS; OR (2) IF EXPRESSLY ORDERED TO DO SO BY A COURT OF LAW. If otherwise asked about the status of this litigation, Stephan may state only words to the effect of "It was resolved," "It was settled," or "I would prefer not to discuss the matter," and will not otherwise reveal any information whatsoever about the payment, details of the settlement of this matter, or the Agreement.

A proven breach of this confidentiality provision by Stephan will be deemed to be a material breach of the Agreement and will entitle Rite Aid to ███████ ████████████████████████████ for each violation of this covenant, as well as any attorneys' fees and costs that Rite Aid may incur in proving such breach, as reasonable liquidated damages for proving this breach. Rite Aid shall be entitled to immediate injunctive relief to enforce this Confidentiality provision and Stephan shall be further liable for Rite Aid's reasonable attorneys' fees incurred in any effort to remedy Rite Aid's breach of this provision. Stephan agrees that this liquidated damages provision is reasonable under the circumstances that exist at the time this Agreement is entered into.

9. **Non-Disparagement.** Stephan agrees that neither he, nor anyone acting on his behalf, will make any negative, derogatory, or disparaging comments, whether oral or written, about Rite Aid or its officers, directors, or managers.

   A proven breach of this non-disparagement provision by Stephan will be deemed to be a material breach of the Agreement and will entitle Rite Aid to ███ ████████████████████████████ for each violation of this covenant, as well as any attorneys' fees and costs that Rite Aid may incur in proving such breach, as reasonable liquidated damages for proving this breach. Rite Aid shall be entitled to immediate injunctive relief to enforce this Non-Disparagement provision and Stephan shall be further liable for Rite Aid's reasonable attorneys' fees incurred in any effort to remedy Stephan's breach of this provision. Stephan agrees that this liquidated damages provision is reasonable under the circumstances that exist at the time this Agreement is entered into.

10. **Agreement Not Admission.** This settlement is not an admission by Rite Aid, or of its directors, officers, employees, principals, parent entity, affiliates, or insurers, that it violated any law or failed to fulfill any duty to Stephan.

11. **Tax Consequences and Indemnification.** Stephan acknowledges and agrees that neither Rite Aid nor Stephan's counsel in the Action make any representation, nor do they offer legal advice, as to any tax consequences arising from the above-referenced total Settlement Payment or any allocation or division of the Settlement Payment. Stephan shall be solely responsible for the payment of all taxes on the portion of the Settlement Payment made in his name for punitive, liquidated, and/or statutory damages, including recovery other than payment of wages or overtime, and shall indemnify and hold harmless Rite Aid in the event any taxing authority seeks payment from it for any taxes or penalties which Stephan is obligated to pay for this portion of the Settlement Payment.

12. **Authority to Enter Agreement.** The undersigned for each Party represents and warrants that, as of the date of this Agreement, he or she is the true party in interest, that he is fully authorized to execute this Agreement, and has not sold,

assigned, transferred, conveyed, or otherwise disposed of any rights surrendered by virtue of this Agreement.

13. **Attorneys' Fees in the Action**. Each party shall bear its own attorneys' fees and costs incurred in the Action except as otherwise stated herein. Rite Aid is not responsible for, and makes no representations regarding, the allocation or payment of any attorneys' fees from the Settlement Payment as between Stephan and his attorneys. The payment of attorney's fees to Stephan's attorney is the responsibility of Stephan.

14. **Attorneys' Fees for Breach of the Agreement**. The prevailing party in any proceeding brought to enforce this Agreement shall be entitled to recover from the non-prevailing party its costs and reasonable attorneys' fees incurred in bringing proceeding to enforce this Agreement.

15. **Responsibility for Liens.** Stephan represents and warrants that there are no liens that will in any way affect the Parties to this Agreement arising out of or relating to the matters referred to in the Lawsuit. Nevertheless, Stephan agrees to release and discharge any liens which exists or may exist in the future as a result of the matters and things referred to in the Lawsuit. Stephan is responsible for payment of all of Stephan's liens and obligations to his healthcare providers and/or attorneys and Stephan's attorneys agree to hold Rite Aid and Rite Aid's representatives harmless for same.

16. **Entire Agreement**. This Agreement (a) contains the entire understanding of the Parties with respect to the subject matter covered; (b) supersedes all prior and contemporaneous understandings; and (c) may only be amended in a written instrument signed by the Parties.

17. **Savings Clause**. Should any of the provisions of this Agreement be determined to be invalid by a court or government agency of competent jurisdiction, it is agreed that such determination shall not affect the enforceability of the other provisions herein.

18. **Execution**. This Agreement may be executed in as many counterparts as may be necessary or convenient, and by the Parties hereto on separate counterparts, each of which, when so executed, shall be deemed an original, and all such counterparts shall constitute one and the same instrument. A fax, copy, or pdf signature shall be considered as valid as an original signature.

19. **Acknowledgment of Representation by Counsel**: Stephan acknowledges that he has been represented by counsel in the negotiation and preparation of this Agreement.

20. **Effective Date:** This Agreement shall become effective on the eighth (8th) day following the date on which it is signed by Stephan. It is understood that Stephan may revoke his consent to this Agreement in the seven-day period following the date on which he signs the Agreement. Stephan has been given twenty-one (21) calendar days after the date on which he/she received this Agreement within which to review and consider it, to discuss it with an attorney of his/her own choosing, and to decide whether or not to sign it, and he acknowledges that he has in fact done so.

---
Date

Roger Stephan

---
12/15/15
Date

*[signature]*
Ron Chima
Vice President, Litigation and Commercial Law
Rite Aid Corporation

**Approved as to Form:**

12/15/15
Date

*[signature]*
Thomas K. Hockel
Kelly Hockel & Klein, P.C.
Attorneys for Defendants

12/21/15
Date

*[signature]*
Mark Bulgarelli
Progressive Law Group, LLC
Attorneys for Plaintiff Roger Stephan

---
Date

David C. Parisi
Parisi & Havens, LLC
Attorneys for Plaintiff Roger Stephan

---
Date

Sergio Rodriguez
SRG Law Group, APLC
Attorneys for Plaintiff Roger Stephan

20. **Effective Date:**  This Agreement shall become effective on the eighth (8th) day following the date on which it is signed by Stephan. It is understood that Stephan may revoke his consent to this Agreement in the seven-day period following the date on which he signs the Agreement. Stephan has been given twenty-one (21) calendar days after the date on which he/she received this Agreement within which to review and consider it, to discuss it with an attorney of his/her own choosing, and to decide whether or not to sign it, and he acknowledges that he has in fact done so.

_____    _____
Date                                            Roger Stephan

12/15/15
_____    _____
Date                                            Ron Chima
                                                       Vice President, Litigation and Commercial Law
                                                       Rite Aid Corporation

**Approved as to Form:**

12/15/15
_____    _____
Date                                            Thomas K. Hockel
                                                       Kelly Hockel & Klein, P.C.
                                                       Attorneys for Defendants

_____    _____
Date                                            Mark Bulgarelli
                                                       Progressive Law Group, LLC
                                                       Attorneys for Plaintiff Roger Stephan

12/16/2015
_____    _____
Date                                            David C. Parisi
                                                       Parisi & Havens, LLC
                                                       Attorneys for Plaintiff Roger Stephan

_____    _____
Date                                            Sergio Rodriguez
                                                       SRG Law Group, APLC
                                                       Attorneys for Plaintiff Roger Stephan

20. **Effective Date:** This Agreement shall become effective on the eighth (8th) day following the date on which it is signed by Stephan. It is understood that Stephan may revoke his consent to this Agreement in the seven-day period following the date on which he signs the Agreement. Stephan has been given twenty-one (21) calendar days after the date on which he/she received this Agreement within which to review and consider it, to discuss it with an attorney of his/her own choosing, and to decide whether or not to sign it, and he acknowledges that he has in fact done so.

---
Date

Roger Stephan

12/15/15
Date

*/s/ Ron Chima*
Ron Chima
Vice President, Litigation and Commercial Law
Rite Aid Corporation

**Approved as to Form:**

12/15/15
Date

*/s/ Thomas K. Hockel*
Thomas K. Hockel
Kelly Hockel & Klein, P.C.
Attorneys for Defendants

---
Date

Mark Bulgarelli
Progressive Law Group, LLC
Attorneys for Plaintiff Roger Stephan

---
Date

David C. Parisi
Parisi & Havens, LLC
Attorneys for Plaintiff Roger Stephan

Dec 18/15
Date

*/s/ Sergio Rodriguez*
Sergio Rodriguez
SRG Law Group, APLC
Attorneys for Plaintiff Roger Stephan

20. **Effective Date:** This Agreement shall become effective on the eighth (8th) day following the date on which it is signed by Stephan. It is understood that Stephan may revoke his consent to this Agreement in the seven-day period following the date on which he signs the Agreement. Stephan has been given twenty-one (21) calendar days after the date on which he/she received this Agreement within which to review and consider it, to discuss it with an attorney of his/her own choosing, and to decide whether or not to sign it, and he acknowledges that he has in fact done so.

12-21-2015
Date

*/s/ Roger Stephan*
Roger Stephan

_____
Date

Ron Chima
Vice President, Litigation and Commercial Law
Rite Aid Corporation

**Approved as to Form:**

_____
Date

Thomas K. Hockel
Kelly Hockel & Klein, P.C.
Attorneys for Defendants

_____
Date

Mark Bulgarelli
Progressive Law Group, LLC
Attorneys for Plaintiff Roger Stephan

_____
Date

David C. Parisi
Parisi & Havens, LLC
Attorneys for Plaintiff Roger Stephan

_____
Date

Sergio Rodriguez
SRG Law Group, APLC
Attorneys for Plaintiff Roger Stephan